UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: 1:21-cv-70-GNS |
| | ) | |
| Plaintiff, | ) | JUDGE Chief Judge Greg N. Stivers |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| JALARAM KRUPA LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of the Kentucky Civil Rights |
| | ) | Act, KRS 344, *et seq.* |

Plaintiff DEREK MORTLAND Complains of Defendant JALARAM KRUPA LLC and

alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act,

KRS 344, *et seq.*

2.      Plaintiff DEREK MORTLAND is a person with physical disabilities who, on or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

about March 25, 2021 through March 26, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses a COMFORT SUITES  hotel, located at 1211 Kenilwood Way, Bowling Green, KY 42104. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Kentucky legal requirements, and MORTLAND suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.    **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Lexington, County of Fayette, State of Kentucky and that plaintiffs' causes of action arose in this district.

**PARTIES:**

5.    Plaintiff DEREK MORTLAND is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.)

MORTLAND is a "person with physical disabilities," as defined by all applicable Kentucky and United States laws. MORTLAND requires the use of a wheelchair to travel about in public. Consequently, MORTLAND is a member of that portion of the public whose rights are protected by the Kentucky Civil Rights Act, KRS 344, *et seq.*

6.    Defendant JALARAM KRUPA LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a COMFORT SUITES hotel, a public accommodation, located at/near 1211 Kenilwood Way, Bowling Green, KY 42104, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.    At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject COMFORT SUITES hotel as a public facility at/near 1211 Kenilwood Way, Bowling Green, KY 42104. The business, a COMFORT SUITES hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.    At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1211 Kenilwood Way, Bowling Green, KY 42104. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

**§ 36.201**        **General**

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a COMFORT SUITES hotel, located at 1211 Kenilwood Way, Bowling Green, KY 42104. Defendant's COMFORT SUITES hotel and each of its facilities are places "of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4

public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected a COMFORT SUITES hotel to handicapped access requirements.

11. Plaintiff DEREK MORTLAND is a person with a disability. MORTLAND is a "physically disabled person," as defined by all applicable Kentucky and United States laws. MORTLAND is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out COMFORT SUITES hotel as being handicapped accessible and handicapped usable.

13. On or about March 25, 2021 through March 26, 2021, MORTLAND was an invitee and guest at the subject COMFORT SUITES hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, MORTLAND personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, MORTLAND, who is a person with disabilities, encountered the following inaccessible elements of the subject COMFORT SUITES hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5

encountered by plaintiffs:

1. *In the parking lot, the running slope (long dimension) of the 1st (right most) accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

2. *In the parking lot, the running slope of the 1st access aisle (long dimension) exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

3. *In the parking lot, the 1st access aisle is not centered on the curb ramp and requires part of the accessible parking stall to be used as a landing which may become obstructed by parked cars in violation of 2010 ADAS Section: 502.7 and 2009 ANSI A117.1 Section: 502.8.*

4. *In the parking lot, the 1st access aisle contains abrupt edges and surface irregularities over a 1/4 inch where it connects to the curb ramp and accessible route in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

5. *In the parking lot, the running slope (long dimension) of the 2nd accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

6. *In the parking lot, the running slope of the 2nd access aisle (long dimension) exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

7. *In the parking lot, the 2nd access aisle is not a minimum 5 feet wide in violation of 2010 ADAS Section: 502.3.1 and 2009 ANSI A117.1 Section: 502.4.2.*

8. *In the parking lot, the running slope (long dimension) of the 3rd accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

9. *In the parking lot, the running slope (long dimension) of the 4th accessible parking stall exceeds 2% in violation of 2010 ADAS Section: 502.4 and 2009 ANSI A117.1 Section: 502.5.*

10. *In the parking lot, the right side of the parallel curb ramp exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1 and 2009 ANSI A117.1 Section: 406.1.*

11. *In the parking lot, the left side of the parallel curb ramp exceeds the maximum running slope (parallel to the direction of travel) allowable of 8.33% in violation of 2010 ADAS Section: 406.1 and 2009 ANSI A117.1 Section: 406.1.*

12. *At the breakfast area entry door, the maneuvering clearance at the entrance door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4 and 2009 ANSI A117.1 Section: 404.2.3.1.*

13. *At the breakfast area entry door, the floor mat at the door is not secured in place in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

14. *At the passenger loading zone, the access aisle is not marked as to discourage parking in it in violation of 2010 ADAS Section: 503.3.3 and 2009 ANSI A117.1 Section: 503.3.4.*

15. *At the passenger loading zone, the cross slope (narrow dimension) of the access aisle serving the pull-up space exceeds 2% in violation of 2010 ADAS Section: 503.4, 503.4 Exception and 2009 ANSI A117.1 Section: 503.4.*

16. *At the passenger loading zone, the cross slope (narrow dimension) of the vehicle pull-up space exceeds 2% in violation of 2010 ADAS Section: 503.4, 503.4 Exception and 2009 ANSI A117.1 Section: 503.4.*

17. *At the lobby entrance, there is no ISA at this entrance in violation of 2010 ADAS Section: 216.6.*

18. *At the lobby entrance, the maneuvering clearance at the door exceeds 2% slope in violation of 2010 ADAS Section: 404.2.4.4.*

19. *At the lobby entrance, the door opening contains projections / obstructions into doorway below 34 inches in violation of 2010 ADAS Section: 404.2.3 and 2009 ANSI A117.1 Section: 404.2.2.*

20. *At the lobby entrance, the floor mats at the doors are not secured in place in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

21. *At the lobby entrance, the door opening contains projections into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4.*

22. *At the front desk, the credit card readers are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.*

23. *At the front desk, the credit card readers are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.*

24. *At the front desk, the microwave is too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.*

25. *At the breakfast area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.*

26. *At the breakfast area, there are no accessible tables in violation of 2010 ADAS Section: 226.1.*

27. *At the breakfast area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

28. *At the breakfast area, the microwave is not accessible because it is located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.*

29. *At the pool, the exterior pool / fitness door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

30. *At the pool, the maneuvering clearance on the pull side of the exterior pool / fitness door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2.*

31. *At the pool, the interior pool door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

32. *At the pool, the maneuvering clearance on the pull side of the interior pool door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8

33. *At the pool, the floor mat between the doors is not secured in place in violation of 2010 ADAS Section: 302.2 and 2009 ANSI A117.1 Section: 302.2.*

34. *At the pool, at the time of the evaluation the lift had a protective cover on it and was not accessible without assistance in violation of 2010 ADAS Section: 242.2 and 2009 ANSI A117.1 Section: 1109.1.1.*

35. *At the pool, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1.*

36. *At the pool, there are no accessible tables in violation of 2010 ADAS Section: 226.1.*

37. *At the pool, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 2009 ANSI A117.1 Section: 306.2.1, 306.2.2.*

38. *At the fitness area, the interior fitness door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

39. *At the fitness area, the telephone is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

40. *At the fitness area, the wall outlet is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

41. *At the fitness area, the light switch is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.*

42. *In the guest laundry, the guest laundry door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

43. *In the guest laundry, the maneuvering clearance at the door is obstructed in violation of 2010 ADAS Section: 404.2.4.1 and 2009 ANSI A117.1 Section: 404.2.3.2.*

44. *In the men's public restroom, the men's restroom door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

45. *At the men's public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.*

46. *At the men's public restroom, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 2009 ANSI A117.1 Section: 604.5.1.*

47. *At the men's public restroom, the rear grab bar is not a minimum 36 inches in length in violation of 2010 ADAS Section: 604.5.2 and 2009 ANSI A117.1 Section: 604.5.2.*

48. *At the men's public restroom, The rear grab bar does not extend adequately past the toilet on the wide side 2010 ADAS Section: 604.5.2 and 2009 ANSI A117.1 Section: 604.5.2.*

49. *At the men's public restroom, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.*

50. *At the men's public restroom, the required 56 inches by 60 inches clear floor space for the water closet has been obstructed by the trash can in violation of 2010 ADAS Section: 604.3.1 and 2009 ANSI A117.1 Section: 604.3.1.*

51. *At the men's public restroom, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1 and 2009 ANSI A117.1 Section: 308.2.1.*

52. *At the men's public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.*

53. *At the men's public restroom, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.*

54. *In room 320, the room door exceeds the maximum allowable opening force in violation of 2010 ADAS Section: 404.2.9 and 2009 ANSI A117.1 Section: 404.2.8.*

55. In room 320, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3 and 2009 ANSI A117.1 Section: 703.1.2.

56. In room 320, the element is not accessible because it is located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 2009 ANSI A117.1 Section: 308.3.2.

57. In room 320, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1 and 2009 ANSI A117.1 Section: 308.2.1, 308.3.1.

58. In room 320, the wall lamp is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

59. In room 320, the clear floor space only allows for a forward approach and the wall lamp is out of reach in violation of 2010 ADAS Section: 308.2.2 and 2009 ANSI A117.1 Section: 308.2.2.

60. In room 320, the floor lamp is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

61. In room 320, the clear floor space only allows for a forward approach and the floor lamp is out of reach range in violation of 2010 ADAS Section: 308.2.2 and 2009 ANSI A117.1 Section: 308.2.2.

62. In room 320, the couch is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 2009 ANSI A117.1 Section: 305.3.

63. In room 320, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1 and 2009 ANSI A117.1 Section: 308.3.1.

64. In room 320, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4 and 2009 ANSI A117.1 Section: 309.4.

65. *In room 320, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 2009 ANSI A117.1 Section: 308.2.1.*

66. *In room 320, the bath tub grab bar is not within accessible range at the control end of the tub in violation of 2010 ADAS Section: 607.4.1.2 and 2009 ANSI A117.1 Section: 607.4.1.2.1 , 607.4.2.3.*

67. *In room 320, the top grab bar is not located correctly in violation of 2010 ADAS Section: 607.4.1.1, 2009 ANSI A117.1 Section: 607.4.1, 607.4.2.1, and 607.4.1.1.*

68. *In room 320, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3 and 2009 ANSI A117.1 Section: 1002.11.2.2.*

69. *In room 320, compliant knee space has not been provided under the lavatory in violation of 2010 ADAS Section: 306.3.1 and 2009 ANSI A117.1 Section: 306.3.1.*

70. *In room 320, the toilet is not located within the range allowed from the side wall or partition in violation of 2010 ADAS Section: 604.2 and 2009 ANSI A117.1 Section: 604.2.*

71. *In room 320, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6 and 2009 ANSI A117.1 Section: 604.6.*

72. *In room 320, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.*

73. *In room 320, the clear floor space between the lavatory and the toilet is too narrow in violation of 2010 ADAS Section: 604.3.2 and 2009 ANSI A117.1 Section: 604.3.3.*

74. *In room 320, the bathtub has not been provided with a hand held spray unit with a non-positive shut off in violation of 2010 ADAS Section: 607.6 and 2009 ANSI A117.1 Section: 607.6.*

75. *In room 320, the bathtub has not been provided with a hand held spray unit with a 59 inch minimum hose in violation of 2010 ADAS Section: 607.6 and 2009 ANSI A117.1 Section: 607.6.*

76. *In room 320, bathtubs with portable seats must have a 12 inch grab bar at the head in violation of 2010 ADAS Section: 607.4.2 and 2009 ANSI A117.1 Section: 607.4.2.*

77. *In room 320, at the pass through room door, the operating hardware requires tight grasping, pinching or twisting of the wrist to operate in violation of 2010 ADAS Section: 309.4 and 2009 ANSI A117.1 Section: 309.4.*

78. *In other guest rooms, there may not be enough accessible rooms designed with mobility features in violation of 2010 ADAS Section: 224.2.*

79. *In other guest rooms, accessible guest rooms may not be dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5.*

80. *In other guest rooms, the vanity countertop space provided may not be comparable to non-accessible rooms in violation of 2010 ADAS Section: 806.2.4.1.*

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, MORTLAND was denied his civil rights to full and equal access to public facilities. MORTLAND suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*

20. MORTLAND, as described herein below, seeks injunctive relief to require the COMFORT SUITES hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the COMFORT SUITES hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, MORTLAND and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the COMFORT SUITES hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 14

the COMFORT SUITES hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

24. On information and belief, the subject public facility of the COMFORT SUITES hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the COMFORT SUITES hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

disabilities. The scope and means of the knowledge of Defendant are within Defendant's

exclusive control and cannot be ascertained except through discovery.

26. Plaintiff will return to the subject COMFORT SUITES hotel to patronize the facility,

if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the

hotel's services.

29.     Should the COMFORT SUITES hotel become accessible, MORTLAND will visit

it again because he frequently travels to the Fayette County area to attend racing events at the

National Corvette Museum Motorsports Park.

30.     Furthermore, plaintiff intends to return to the COMFORT SUITES hotel as an

ADA tester on an annual basis beginning in 2022, to ascertain whether Defendant removed the

barriers to access which are the subject of this litigation.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality
> of opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an

equal basis and to pursue those opportunities for which our free
society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

34.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;
>
> 42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject COMFORT SUITES hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the

removal of all the barriers complained of herein together was not "readily achievable," the

removal of each individual barrier complained of herein was "readily achievable." On

information and belief, Defendant's failure to remove said barriers was likewise due to

discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii);

42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

accomplishable and able to be carried out without much difficulty or expense." The statute

defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

plaintiff complains of herein were and are "readily achievable" by the Defendant under the

standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not

"readily achievable" for Defendant to remove each of such barriers, Defendant has failed to

make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the

subject COMFORT SUITES hotel occurred after the compliance date for the Americans with

Disabilities Act, January 26, 1992, independently triggering access requirements under Title III

of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil

Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

the basis of disability in violation of this title or has reasonable grounds for believing that he

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies

bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about March 25, 2021 through March 26, 2021, , but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

44. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, the COMFORT SUITES hotel and the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 20

business therein, are "places of public accommodation" pursuant to KRS 344.130.

47. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

48. Plaintiff has desired and attempted to enjoy the goods and services at the COMFORT SUITES hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

49. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

50. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff DEREK MORTLAND prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make COMFORT SUITES hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2. For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3. For such other and further relief as the court may deem proper.

**I. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ*.**

4. For injunctive relief, compelling Defendant to make COMFORT SUITES, readily accessible to and usable by individuals with disabilities, per state law.

5. General and compensatory damages according to proof;

6. All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7. Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

8. Punitive damages, pursuant to Kentucky law;

9. For all costs of suit;

10. Prejudgment interest pursuant to Kentucky law; and

11. Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.

Akron, OHIO 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff DEREK MORTLAND